# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERNANDO E. SERRANO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0694** |
| **STATE OF LOUISIANA** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

# I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Fernando E. Serrano, is incarcerated in the Elayn Hunt Correctional Center in St. Gabrielle, Louisiana.[2] Serrano was indicted by a grand jury in Jefferson Parish on August 24, 1984, for aggravated rape and attempted first degree murder.[3] The aggravated rape charge was amended to forcible rape on December 3, 1984.[4] The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case as follows:

> On August 14, 1984, at approximately 6:00 a.m., an intruder entered a home in Harvey, Louisiana, through an unlocked rear door. The resident, an 83-year-old woman, was in bed. The intruder got on the bed and demanded money, threatening to kill the victim if she failed to comply. She went into the living room, got $789 in United States currency, and gave it to him. The intruder then beat the victim viciously in the face, apparently stabbed her several times, forced her to engage in vaginal sexual intercourse, and then fled through the rear door of the home.
>
> When the police arrived at the scene of the incident, they obtained a description of the perpetrator from the victim and broadcast it over the radio. Within minutes, Fernando Serrano was apprehended, advised of his constitutional rights, and arrested. A search revealed that he had between $500 and $600 in his front pocket and also had a small folding knife in his rear pocket. Serrano was transported to the hospital at which the victim was being treated for her injuries. The victim recognized Serrano as a neighbor who lived on her street and she positively identified him as the perpetrator of the offenses.
>
> Serrano later gave a statement in which he admitted being at the scene, but claimed he did not know what happened because he was intoxicated by drugs and alcohol while he was there.

---

[2]Rec. Doc. No. 2.

[3]St. Rec. Vol. 1 of 5, Indictment, 4/19/99.

[4]Id., see handwritten notations on the indictment.

State v. Serrano, 810 So.2d 580, 539 (La. App. 5th Cir. 1990); State Record Volume 2 of 5, Fifth Circuit Opinion, 90-KA-110, pages 2-3, June 6, 1990.

Serrano entered a guilty plea on December 3, 1984.[5]  The state trial court sentenced him that same day, after waiver of legal delays, to serve concurrent sentences of 35 years in prison on each count, with the first two years of the sentence for forcible rape to be served without benefit of parole, probation or suspension of sentence.[6]

Almost four years later, on November 1, 1988, Serrano submitted an application for post-conviction relief to the state trial court raising three grounds for relief:  (1) He was not informed of the maximum or minimum sentences before he entered his guilty plea. (2) The state trial court failed to inform him of the essential elements of the crimes charged. (3) He received ineffective assistance from his appointed counsel.

The state trial court denied the application as meritless on November 18, 1988. On review, the Louisiana Fifth Circuit transferred the application back to the state trial court for that court to consider Serrano's entitlement to an out-of-time appeal.[7]  At a

---

[5]St. Rec. Vol. 2 of 5, Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 12/3/84; Plea Transcript, 12/3/84; St. Rec. Vol. 3 of 5, Minute Entry, 12/3/84.

[6]St. Rec. Vol. 1 of 2, Plea Minutes, 10/26/99; Plea Transcript, 10/26/99.

[7]St. Rec. Vol. 2 of 5, 5th Cir. Order, 89-KH-181, 4/18/89.

hearing held on July 14, 1989, the state trial court granted Serrano an out-of-time appeal and appointed him counsel.[8]

On appeal, Serrano's counsel argued that his sentence was excessive and asked for an errors patent review.[9] The Louisiana Fifth Circuit held that Serrano's sentence was in part not reviewable on appeal because it was part of his plea agreement and that the sentence was otherwise proper. The court also found no errors patent on the record and on June 6, 1990, affirmed the convictions and sentences.[10] Serrano did not seek further review of this ruling.[11]

Serrano's conviction became final 30 days later, on July 6, 1990, because he did not seek rehearing or file for review in the Louisiana Supreme Court.[12] Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next

---

[8]St. Rec. Vol. 2 of 5, Trial Court Order, 6/27/89; Post-Conviction Hearing Transcript, p. 3, 7/14/89.

[9]St. Rec. Vol. 2 of 5, Appeal Brief, 90-KA-110, 3/12/90.

[10]State v. Serrano, 810 So.2d at 580; St. Rec. Vol. 2 of 5, 5th Cir. Opinion, 90-KA-110, 6/6/90.

[11]The Louisiana Supreme Court opinion issued March 8, 1991, was related to the denial of Serrano's request for production of documents. See State ex. rel. Serrano v. State, 576 So.2d 52 (La. 1991); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 90-KH-2736, 3/8/91; La. S. Ct. Writ Application, 90-KH-2736, 12/21/90 (signed 12/18/90); St. Rec. Vol. 2 of 5, Application for Writ of Mandamus, 2/15/90; Trial Court Order, 3/7/90; 5th Cir. Order, 90-KH-689, 10/24/90.

[12]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

available step in an appeal process)); <u>Wilson v. Cain</u>, 564 F.3d 702 (5th Cir. 2009) (timely filed motion for rehearing must be considered in determining the finality of a conviction).

About 18 months later, on January 8, 1992, Serrano submitted a writ application to the Louisiana Supreme Court, which was a duplicate copy of the application for post-conviction relief which he filed in the trial court several years earlier on November 1, 1988.[13] The application raised three grounds for relief: (1) He was not informed of the maximum or minimum sentences before he entered his guilty plea. (2) The state trial court failed to inform him of the essential elements of the crimes charged. (3) He received ineffective assistance from his appointed counsel.

The clerk of the Louisiana Supreme Court transferred the writ application to the Louisiana Fifth Circuit for consideration.[14] On its review, the Louisiana Fifth Circuit denied the application as meritless on February 4, 1992.[15]

---

[13]St. Rec. Vol. 3 of 5, La. S. Ct. Writ Application, 92-OO-0090, 1/10/92 (signed 1/8/92).

[14]St. Rec. Vol. 3 of 5, La. S. Ct. Order, 92-OO-0090, 1/10/92; La. S. Ct. Letter, 92-OO-0090, 1/10/92.

[15]St. Rec. Vol. 3 of 5, 5th Cir. Order, 92-KH-60, 2/4/92.

Serrano returned to the Louisiana Supreme Court on April 29, 1992, seeking review of the appellate court's order.[16] The court denied the application without reasons on April 29, 1994.[17]

Serrano again sought copies of documents from the state trial court, and the court denied his request on September 22, 1994.[18] Serrano's subsequent writ application to the Louisiana Fifth Circuit was denied on the showing made.[19] On June 30, 1995, the Louisiana Supreme Court denied his later application for failure to state a particularized need for the copies, citing State ex rel. Bernard v. Criminal District Court, 653 So.2d 1174 (La. 1995).[20]

Almost five years later, on March 9, 2000, Serrano filed a motion for reduction of his sentence.[21] The state trial court denied the application on March 29, 2000, as

---

[16]St. Rec. Vol. 3 of 5, La. S. Ct. Writ Application, 92-KH-1263, 5/4/92 (signed 4/29/92).

[17]State ex rel. Serrano v. State, 637 So.2d 458 (La. 1994); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 92-KH-1263, 4/29/94.

[18]The record does not contain a copy of the motion requesting copies and the trial court's order does not indicate a filing date for that pleading. St. Rec. Vol. 3 of 5, Trial Court Order, 9/22/94.

[19]The record does not contain a copy of the writ application. The filing date of November 15, 1994, appears on the face of the court's order and has been confirmed with the clerk's office of that court. St. Rec. Vol. 3 of 5, 5th Cir. Order, 94-KH-929, 12/23/94.

[20]State ex rel. Serrano v. State, 657 So.2d 1025 (La. 1995); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 95-KH-0273, 6/30/95; La. S. Ct. Writ Application, 95-KH-0273, 1/30/95 (signed 1/20/95).

[21]The record does not contain a copy of this motion. The filing date of March 9, 2000, is indicated in the trial court's order. Serrano recognizes in his subsequent writ to the Louisiana Fifth Circuit that his motion was filed in March 2000. See St. Rec. Vol. 5 of 5, 5th Cir. Writ Application, p. 1, 5/16/00.

untimely and prescribed.[22]  The Louisiana Fifth Circuit also denied his subsequent writ application to that court.[23]  Serrano did not seek further review of this order.

The record reflects that years earlier, on November 5, 1993, Serrano had applied administratively to the Louisiana Department of Corrections for eventual diminution of his sentence through good-time credits.[24]  As a result, on November 29, 2003, Serrano was apparently released as if on parole based on those good-time credits.[25]

On May 13, 2004, Serrano sent a letter to the state trial court seeking clarification of his sentence and his parole eligibility.[26]  The court denied the letter as a motion on May 28, 2004, and notified Serrano that he needed to seek relief in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.[27]

The record reflects that Serrano was charged with aggravated assault on June 29, 2004, and as a felon in possession of a weapon.[28]  Although the charges were rejected by the Livingston Parish District Attorney, Serrano's good-time parole was eventually

[22]St. Rec. Vol. 5 of 5, Trial Court Order, 3/29/00.

[23]St. Rec. Vol. 5 of 5, 5th Cir. Order, 5/26/00; 5th Cir. Writ Application, 5/16/00 (postmarked 5/9/00, signed 5/4/00).

[24]St. Rec. Vol. 4 of 5, Good-time Contract, 11/5/93.

[25]St. Rec. Vol. 4 of 5, Diminution of Sentence, 11/29/03.

[26]St. Rec. Vol. 1 of 5, Letter for Clarification of Sentence, 5/21/04 (signed 5/13/04).

[27]St. Rec. Vol. 1 of 5, Trial Court Order, 5/28/04.

[28]St. Rec. Vol. 4 of 5, Parole Revocation Decision, 11/18/04.

revoked on November 18, 2004.[29]  Serrano sought review of his parole revocation in the 19th Judicial District Court, but his petition was dismissed for failure to state a claim on October 7, 2005.[30]

On August 19, 2005, Serrano submitted a motion to the state trial court, which was filed on November 3, 2005, seeking correction of an illegal sentence, because his sentence allowed for the possibility of parole.[31]  He resubmitted a copy of the motion on March 1, 2006, as an inquiry into the status of his motion.[32]  The trial court denied the motion on June 13, 2006, and directed Serrano to seek relief in the 19th Judicial District Court.[33]

Serrano thereafter filed another motion for copies of record documents and transcripts.[34]  The state trial court denied the request on July 19, 2006.[35]

---

[29]Id.

[30]St. Rec. Vol. 4 of 5, 19th JDC Commissioner's Screening Report, 534,803, 8/24/05; 19th JDC Judgment, 534,803, 10/7/05.  The record does not contain a copy of the petition which Serrano filed on July 26, 2005.  The filing date was obtained from the civil processing unit in the office of the clerk of court for the 19th Judicial District Court.

[31]St. Rec. Vol. 1 of 5, Motion to Correct an Illegally Lenient Sentence, 11/3/05 (signed 8/19/05); Motion to Correct an Illegally Lenient Sentence, 3/1/06.

[32]St. Rec. Vol. 1 of 5, Motion to Correct an Illegally Lenient Sentence, 3/1/06.

[33]St. Rec. Vol. 1 of 5, Trial Court Order, 6/13/06.

[34]St. Rec. Vol. 1 of 5, Motion for Production of Documents, 7/5/06 (signed 6/25/06).

[35]St. Rec. Vol. 1 of 5,  Trial Court Order, 7/19/06.

Serrano submitted a motion to vacate and set aside his sentence to the state trial court on September 25, 2006.[36]  This motion alleged that he was sentenced without a valid plea, because the transcript did not contain any indication that he entered a plea or was tried on the charge.  The state trial court denied the motion on October 4, 2006, as meritless and pursuant to La. Code Crim. P. art. 881, which prohibits amendment of a sentence after it has commenced.[37]

The Louisiana Fifth Circuit denied his subsequent writ application finding no error in the trial court's ruling.[38]  On October 5, 2007, the Louisiana Supreme Court also denied Serrano's subsequent writ application to that court as seeking untimely relief pursuant to La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995) and State v. Parker, 711 So.2d 694 (La. 1998).[39]

On October 16, 2007, two years after the 19th Judicial District Court dismissed his petition for review of the parole revocation, Serrano sought review in the Louisiana

---

[36]St. Rec. Vol. 1 of 5, Motion to Vacate and Set Aside Illegal Sentence, 9/29/06 (signed 9/25/06).

[37]St. Rec. Vol. 1 of 5, Trial Court Order, 10/4/06.

[38]St. Rec. Vol. 3 of 5, 5th Cir. Order, 06-KH-864, 11/20/06.

[39]State ex rel. Serrano v. State, 964 So.2d 382 (La. 2007); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 2006-KH-3037, 10/5/07; La. S. Ct. Writ Application, 06-KH-3037, 12/29/06; St. Rec. Vol. 1 of 5, La. S. Ct. Letter, 2006-KH-3037, 12/29/06 (postal metered 12/13/06).  At the time of his conviction, Article 930.8 provided that a defendant had three years to file for post-conviction relief.  In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.  In Parker, the Louisiana Supreme Court held that the limitation period under Article 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the timing of a motion to correct illegal sentence.

First Circuit Court of Appeal.[40]  The court denied the application as untimely filed, noting

that it should have been filed within 30 days of the trial court's judgment.[41]  He did not

seek further review of that order.

Serrano returned to the state trial court on February 12, 2008, seeking declaratory

and injunctive relief in the form of immediate release on parole.[42]  Within ten days, the

court denied the motion as repetitive and again noted that Serrano must pursue relief in

the 19th Judicial District Court.[43]

On August 7, 2008, Serrano submitted a motion to withdraw and set aside his

guilty plea to the state trial court.[44]  In this motion, Serrano alleged that his plea was

unlawfully induced and unknowingly made, because he would not have entered a guilty

plea had he known he would never be eligible for parole.  The court denied the motion

as meritless.[45]

_____

[40]The record does not contain a copy of the writ application which Serrano filed on October 16, 2007.  The filing date was obtained from the office of the clerk of court for the Louisiana First Circuit.

[41]St. Rec. Vol. 4 of 5, 1st Cir. Order, 2007-CW-2145, 1/11/08.

[42]St. Rec. Vol. 1 of 5, Declaratory/Judgment-Preliminary Injunction Relief, 2/12/08.

[43]St. Rec. Vol. 1 of 5, Trial Court Order, 2/21/08.

[44]St. Rec. Vol. 1 of 5, Pro Se Motion for Withdrawal and Set Aside Plea of Guilty, 8/12/08 (signed 8/7/08).

[45]St. Rec. Vol. 1 of 5, Trial Court Order, 8/27/08.

The Louisiana Fifth Circuit denied his subsequent writ application as meritless on November 18, 2008.[46]  The Louisiana Supreme Court also denied Serrano's untimely[47] filed writ application on January 22, 2010, for seeking untimely relief pursuant to La. Code Crim. P. art. 930.8 and State ex rel. Glover, 660 So.2d at 1189.[48]

In the meantime, on July 1, 2009, Serrano returned to the 19th Judicial District Court seeking injunctive relief against the Louisiana Department of Corrections related to a supervisory restriction placed on his good-time release.[49]  The court dismissed his petition for failure to state a claim for relief on August 8, 2009.[50]  There is no indication in the record that he sought further review of this judgment.

## II.   FEDERAL HABEAS PETITION

On March 2, 2010, the clerk of court filed Serrano's petition for federal habeas in which he alleged that his conviction was obtained by a guilty plea that was unlawfully induced or not made voluntarily with an understanding of the nature of the charge or the

---

[46]St. Rec. Vol. 5 of 5, 5th Cir. Order, 08-KH-1143, 11/18/08; 5th Cir. Writ Application, 08-KH-1143, 10/20/08 (postmarked 10/15/08).

[47]Petitioner had 30 days from issuance of the appellate court's order to mail or file a writ application in the Louisiana Supreme Court.  La. S. Ct. Rule X§5.

[48]State ex rel. Serrano v. State, 25 So.3d 136 (La. 2010); St. Rec. Vol. 3 of 5, La. S. Ct. Order, 2009-KH-644, 1/22/10; La. S. Ct. Writ Application, 09-KH-644, 3/22/09 (signed 3/2/09); St. Rec. Vol. 1 of 5, La. S. Ct. Letter, 2009-KH-644, 3/23/09 (postal metered 3/5/09).

[49]St. Rec. Vol. 4 of 5, 19th JDC Petition, 579,999, 7/1/09.

[50]St. Rec. Vol. 4 of 5, 19th JDC Commissioner's Screening Report, 579,999, 7/14/09; 19th JDC Judgment, 579,999, 8/13/09.

consequences of the plea.[51]  Specifically, he argues that had he known that he would never be eligible for parole, he would not have entered his guilty plea.

The State filed a response in opposition to the petition, arguing that Serrano's federal petition was not timely filed, that he is not entitled to collateral review of his guilty plea, and that his claim is procedurally barred from federal review.[52]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[53] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Serrano's petition, which, for reasons discussed below, is deemed filed in this federal court on February 17, 2010.[54]

---

[51]Rec. Doc. No. 2.

[52]Rec. Doc. No. 8.

[53]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[54]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State argues and I find that Serrano's petition was not timely filed in this court.

IV. STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[55] Duncan v. Walker, 533 U.S. 167, 179-80

---

F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Serrano's petition was filed by the clerk of this court on March 2, 2010, when pauper status was granted. Serrano's signature on the petition was dated February 17, 2010. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.

[55]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

(2001). Serrano's conviction was final almost 20 years ago on July 6, 1990, when he did not pursue review of his direct appeal in the Louisiana Supreme Court.

Thus, under a literal application of the statute, Serrano would have had one year from the date his conviction became final, or until July 6, 1991, to file his federal habeas corpus petition. However, the Fifth Circuit has granted habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. Flanagan, 154 F.3d at 200; United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998), cert. denied, 525 U.S. 1091 (1999).

The court in "Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (citing Flores, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Because Serrano's conviction became final six years before AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Serrano submitted his federal petition on February 17, 2010, almost thirteen years

after the allowable grace period expired, and it must be dismissed as untimely, unless the one-year statute of limitations grace period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Serrano has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in

its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal

habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir.

1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for document and transcript

copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year limitations period began to run in Serrano's case on April 25, 1996, the day after the AEDPA went into effect. The limitations period ran uninterrupted for 365 days, until April 24, 1997, when it expired. Serrano had no properly filed state post-conviction or other collateral review proceedings of any kind pending during that time period. His next such pleading was the motion to reduce his sentence, which was submitted to the state trial court on March 9, 2000, almost three years later.

Construing his petition broadly, Serrano argues that, when he was released on parole on November 29, 2003, the DOC miscalculated his good-time parole period, resulting in a longer sentence after his parole revocation and rendering him ineligible for

parole. He suggests that this miscalculation acted as a new trigger date for the AEDPA statute of limitations. Even under this liberal reading, however, Serrano's petition is still untimely filed.

Under this alternative calculation, the one-year statute of limitations would begin to run on November 30, 2003, the day after he was released on parole and should have been aware of the DOC's calculation errors. It would run for 165 days, until May 13, 2004, when he wrote to the trial court, while still on parole, seeking clarification of his sentence to defend the improper calculation of his parole time. The letter was construed by the state trial court as seeking post-conviction relief. The matter remained pending until June 28, 2004, when he did not seek further review.

The alternative filing period began to run again on June 29, 2004, and did so for the remaining 200 days, until January 14, 2005, when it expired. Serrano had no other properly filed state applications for post-conviction relief or other collateral review pending during that time period.

The record establishes that Serrano allowed more than the one-year grace period to lapse, and alternatively he allowed more than one year after he should have known of the DOC's calculation errors to lapse, without having any properly filed and pending state court proceeding and without having filed a timely federal petition for habeas

corpus relief. His federal habeas corpus petition deemed filed on February 17, 2010, is time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Fernando E. Serrano for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[56]

New Orleans, Louisiana, this ___24th___ day of May, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[56]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.